UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6: 13-30-DCR-03 |
| V. | ) ) | |
| MICHAEL OSBORNE, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On November 22, 2013, Defendant Michael Osborne pleaded guilty to conspiring to distribute oxycodone and distributing oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 99] He was responsible for 2,550 oxycodone 30mg tablets and was sentenced to 72 months of incarceration and a three-year term of supervised release. [Record Nos. 104, 127] Osborne has filed a motion requesting reduction of his sentence under the recent amendments to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). [Record No. 184] After reviewing the defendant's motion and the record, the Court declines to reduce his sentence.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

At the time of sentencing, the guideline imprisonment range for Osborne was 70 to 87 months. [Record No. 149, p. 16] This range reflects a base offense level of 28, a three-level reduction for acceptance of responsibility for a total offense level of 25, and a Criminal History Category of III. [*Id.*] In arriving at an appropriate sentence, the Court considered all relevant factors of 18 U.S.C. § 3553(a). After taking into account counsel's arguments and the defendant's statements at the hearing, as well as the defendant's criminal conduct underlying his charges and Osborne's prior criminal history, the Court concluded that a sentence of 72 months was "sufficient but not greater than necessary to meet" all the applicable statutory goals and objectives under 18 U.S.C. § 3553. [*Id.*, at 23] Osborne appealed the sentence to the United States Court of Appeals for the Sixth Circuit, which affirmed the sentence as procedurally and substantively reasonable. [Record No. 183]

Osborne's current motion presents the issue of whether a sentence reduction is warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. In considering the issue, the Court again considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Osborne. When these factors are

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

considered, the Court sees no reason to reduce Osborne's sentence below the 72-month term of imprisonment previously imposed.

District courts have the discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In support of his request for a sentence reduction, Osborne has provided several certificates of completion of various drug rehabilitation, awareness, and wellness courses during his term of incarceration. [Record No. 184-1] While commendable, particularly in light of the defendant's extensive alcohol-related criminal history, those positive achievements do not convince the Court that the previously-imposed sentence should be reduced. Ultimately, the Court finds that the negative factors presented by the defendant outweigh his positive progress while incarcerated.

Likewise, a reduced term of imprisonment would not provide sufficient punishment for Osborne's offense. During the duration of his involvement in the conspiracy, the defendant participated *daily* in trafficking oxycodone. This conduct causes significantly harms the community, and a reduced sentence would unduly diminish the seriousness of the defendant's actions.

In summary, the requested reduction in the guidelines range is outweighed by the statutory factors discussed above. Accordingly, it is hereby

**ORDERED** that Defendant Michael Osborne's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 184] is **DENIED.**

This 22nd day of May, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge