UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:13-CR-30-DCR-HAI-3 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MICHAEL JASON OSBORNE, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal Prisoner Michael Jason Osborne has filed a motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  D.E. 212.  The matter

was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255

Cases for the purposes of conducting a preliminary review.  *See* Rules Governing Section 2255

Cases, Rule 4.  Under such review, "[i]f it plainly appears from the motion, any attached

exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the

judge must dismiss the motion."  *Id*.; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a

§ 2255 motion when "the files and records of the case conclusively show that the prisoner is

entitled to no relief").  Osborne's motion must be dismissed.

In November 2013, Osborne pleaded guilty without a written plea agreement.  D.E. 99.

The Court subsequently held an evidentiary hearing to determine the drug quantities attributable

to the various defendants in the case (D.E. 102), and found that "Osborne received

approximately 2,550 oxycodone 30 milligram pills for re-distribution" (D.E. 104 at 4).  By

Judgment entered March 3, 2014, the Court sentenced Osborne to 72 months' imprisonment.

D.E. 127.  Osborne appealed.  By Order entered May 13, 2015, the Court of Appeals found that

his plea was valid and his sentence was procedurally and substantively reasonable.  D.E. 183.

In his current motion, Osborne raises a single issue, namely that he should receive the

benefit of the "Mitigating Role" reduction found in section 3B1.2 of the United States

Sentencing Guidelines ("USSG").  D.E. 212-1.  Nothing in the record suggests that Osborne

argued for this reduction at sentencing.  Osborne states that his attorney "never addressed this

issue."  D.E. 224 at 1.  Instead, he argues that, in light of a recent amendment to section 3B1.2,

he should receive the benefit of the reduction even though his sentence is final.

## I.

Before addressing the merits, it appears Osborne's motion should be dismissed as

untimely.  A one-year deadline applies to motions filed under 28 U.S.C. § 2255.  28 U.S.C.

§ 2255(f).  The statute provides that the limitation period begins to run from the latest of four

specified dates, only one of which is relevant here: "the date on which the judgment of

conviction becomes final."  *Id*. § 2255(f)(1).  On May 13, 2015, the Sixth Circuit affirmed

Osborne's conviction and sentence.[1]  D.E. 183.  On this date, the 90-day clock began to run for

Osborne to appeal to the United States Supreme Court.  United States Supreme Court Rule 13.3.

That 90-day period expired on Tuesday, August 11, 2015.  At that point, his conviction became

"final" for purposes of § 2255(f)(1), and the one year statute of limitations began to run.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).  That statute of

limitations under § 2255(f)(1) expired on August 11, 2016.  Osborne states under penalty of

perjury that he placed his petition in the prison mail on August 14, 2016.  D.E. 212 at 13.

---

[1] Osborn did file an additional appeal.  On May 21, 2015, Osborne filed a Motion to Reduce Sentence based on another amendment to the Guidelines.  D.E. 184.  That motion was denied the next day (D.E. 185), and Osborne appealed the denial on September 17, 2015 (D.E. 190).  The Court of Appeals dismissed the appeal as untimely on November 17, 2015.  D.E. 194.  Even if the motion had been properly filed, it would not have affected Osborne's statute of limitations.  The motion was a collateral challenge, not part of direct review.  *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012); *Johnson v. United States*, 246 F.3d 655, 658 (6th Cir. 2001).

Curiously, it was not postmarked until September 8, 2016. D.E. 212-2. But, using either date, the petition is facially untimely.

The Court ordered Osborne to show cause why his petition should not be dismissed as untimely. D.E. 214. Osborne responds that his delay was "excusable neglect" that does not prejudice the government. D.E. 224 at 2. He states that "the minor role reduction just came to [his] awareness." *Id*. at 1. Although the one-year deadline can be equitably tolled, to warrant tolling the movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is an extraordinary remedy. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Osborne has not pointed to any compelling equitable considerations that would toll the one-year statute of limitations.

## II.

Even if it were timely, the motion would fail on the merits. Amendment 794, effective November 1, 2015, amends the "Application Notes" section of the Commentary to § 3B1.2. The amendment states that it was driven by the Sentencing Commission's realization that the Mitigating Role reduction was being "applied inconsistently and more sparingly than the Commission intended," particularly in drug cases. USSG Supplement to Appendix C at 116-18.

Amendment 794 is a "clarifying" amendment that applies retroactively to cases *on direct appeal. United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *see also United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016). The only Guidelines Amendments that apply retroactively to final sentences are those listed in USSG

3

§ 1B1.10.  *United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994).  Amendment 794 is not among those listed in § 1B1.10.  Because Osborne's sentence is final by virtue of the conclusion of direct appeal, he cannot rely on Amendment 794.  Because Osborne cannot rely on Amendment 794, his motion is meritless.

In his response to the show-cause order, Osborne invokes ineffective assistance of counsel.  He states, "This petition should not be dismissed due to excusable neglect [a]nd for ineffective assistance of counsel[] for not addressing the minor role issue with this court at any proceeding."  D.E. 224 at 2.  Osborne does not elaborate further on this point.  Nor does he allege ineffective assistance of counsel in his § 2255 form or the accompanying memorandum.  D.E. 212, 212-1.  Trial counsel and appellate counsel could not have been ineffective in regard to Amendment 794 because the Amendment did not take effect until November 21, 2015.  By that time, Osborne's appeal was completed and his conviction was final.  But perhaps Osborne is arguing that his former counsel should have argued for a minor role reduction under § 3B1.2 as it existed at the time.  If this is his argument, even if it was meritorious (and not waived by failure to raise it in his original motion), it would be time-barred.

### III.

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion."  Rules Governing Section 2255 Proceedings, Rule 4.  The undersigned therefore **RECOMMENDS** that the motion be **DISMISSED.**

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue.  *See* 28 U.S.C. § 2253(c)(2).  When a case is dismissed on procedural grounds, a Certificate may only

issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Osborne's failure to comply with the statute of limitations and his procedural default are unambiguous.  And the Guidelines Amendment has no applicability to his case.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of November, 2016.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge