UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 13-030-DCR-3 |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 6: 16-200-DCR |
| V. ) | |
| ) | |
| MICHAEL JASON OSBORNE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant/Movant Michael Osborne's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 212] For the reasons discussed below, the motion will be dismissed at untimely.

On November 22, 2013, Osborne pleaded guilty to one count of conspiring to distribute oxycodone and one count of distributing oxycodone in violation of 21 U.S.C. § 846 and § 841(a)(1). [Record Nos. 20, 99] An evidentiary hearing was held to resolve a factual dispute over the quantity of pills at issue. [Record No. 102] In findings published on January 13, 2014, the undersigned found Osborne responsible for 2,550 oxycodone 30 milligram pills for re-distribution during the the conspiracy. [Record No. 104]

A sentencing hearing was held on February 28, 2014 [Record No. 123], with a judgment filed on March 3, 2014 [Record No. 127]. Osborne was sentenced to a 72-month term of incarceration, followed by three years of supervised release. Thereafter, Osborne filed a Notice of Appeal. [Record No. 132]

On May 13, 2015, the United States Court of Appeals for the Sixth Circuit affirmed Osborne's sentence, finding it to be procedurally and substantively reasonable. [Record No. 183] Osborne's judgment became final ninety days thereafter, on August 11, 2015, when the time period for filing a petition for a writ of certiorari expired. *See Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016) (citing Supreme Court Rule 13). On May 21, 2015, Osborne filed a motion to reduce his sentence under 18 U.S.C. § 3582, seeking the benefits of Amendment 782 to the United States Sentencing Guidelines. [Record No. 184] That motion was denied, and a later appeal was dismissed. [Record Nos. 185, 194].[1]

On September 13, 2016, Osborne filed the present motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 212] He argues that he is entitled to a minor participant reduction based on the "newly amended U.S.S.G. [§] 3B1.2." [Record No. 212-1] In accordance with local practice, that motion was referred to United States Magistrate Judge Hanly A. Ingram for initial consideration. On September 15, 2016, Magistrate Judge Ingram ordered Osborne to show cause why his § 2255 motion should not be dismissed as time-barred and/or procedurally defaulted. Osborne was granted an extension, and timely responded. [Record Nos. 219, 224] Magistrate Judge Ingram issued a Recommended Disposition on November 10, 2016, recommending the motion be dismissed. [Record No. 226] Thompson filed objections to the Magistrate Judge's Recommended Disposition, postmarked November 28, 2016, which were filed on December 1, 2016. [Record No. 228]

---

[1] Osborne's motion under § 3582 is a collateral issue and does not affect the date on which his judgment of conviction is deemed final. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012); *Johnson v. United States*, 246 F.3d 655, 658 (6th Cir. 2001).

This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record *de novo* and agrees with the Magistrate Judge's conclusion.

Defendants seeking post-conviction relief under 28 U.S.C. § 2255 are subject to the statutorily-prescribed one-year statute of limitations. As relevant here, 28 U.S.C § 2255(f)(1) provides that the limitation period runs from the date on which the judgment of conviction becomes final. When a federal prisoner does not petition the Supreme Court for review of an adverse appellate court decision, the judgment of conviction becomes final upon the expiration of the deadline for doing so. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). As previously mentioned, Osborne's deadline for seeking a writ of certiorari was August 11, 2015. Accordingly, Osborne's deadline for filing the present § 2255 motion was August 11, 2016. Osborne's motion was signed and dated August 14, 2016, and postmarked September 8, 2016. [Record No. 212 at 13] It is, therefore, untimely.

Despite its untimeliness, the Court may accept Osborne's § 2255 petition under the doctrine of equitable tolling, but only if Osborne "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Osborne argues that the delay was "excusable neglect," claiming that the mitigating role reduction "just came to [his] awareness." [Record No. 225 at

2] Mere ignorance of the law, however, is insufficient to warrant equitable tolling of the limitations period. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Because Osborne has shown no extraordinary circumstance that stood in his way to pursue this claim, apart from his own lack of knowledge, tolling of the § 2255 statute of limitations is not warranted. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Alternatively, 28 U.S.C. § 2255(f)(4) provides that the 1-year period may also run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." In his response to the show cause order, Osborne argues that the mitigating role reduction is a "new fact that has come into light by [sic] the petitioner." [Record No. 228 at 2] This can be construed as an argument that the statute of limitations period should not have begun to run until Osborne became aware of Amendment 794. But it is doubtful that Amendment 794 constitutes a new "fact" under the statutory provision. *See generally Johnson v. United States*, 544 U.S. 295 (2005). Assuming that it does, however, Osborne's requested relief fails on the merits.

Amendment 794 modified the "Application Notes" of U.S.S.G. §3B1.2, with the purpose of expanding application of the mitigating role reduction. Such clarifying amendments apply to cases on direct review. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *see also United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016). However, only those amendments listed in §1B1.10 of the sentencing guidelines are retroactive on collateral review. *United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010).

Amendment 794 is not listed in §1B1.10, and neither has it otherwise been held to apply on collateral review. *See United States v. Sprouse*, No. 2:12-CR-122, 2017 WL 218376, at *1 (E.D. Tenn. Jan. 18, 2017). Therefore, even assuming the promulgation of Amendment 794 restarts the clock, or that equitable tolling is appropriate, Osborne is not entitled to relief under Amendment 794.

Finally, in his objections to the Magistrate's Recommendation, Osborne seems to argue that by triggering his knowledge of the mitigating role provision, Amendment 794 restarted the clock for him to bring an ineffective assistance of counsel claim. Because Amendment 794 was not promulgated until after Osborne's conviction became final, his counsel could not have been ineffective in light of the Amendment itself. However, as he crafts his objections, his 2255 motion should also be construed as raising an ineffectiveness claim based on his attorney's failure to request a minor participant reduction even before Amendment 794. Arguments raised for the first time in objections are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Even so, this argument is equally lacking in merit. The mitigating role reduction under U.S.S.G. § 3B1.2 is as old as the sentencing guidelines themselves.[2] Osborne could have discovered it through due diligence well-before Amendment 794 brought it to his attention. And he has not argued otherwise. *See DiCenzi v. Rose,* 452

---

[2] The Mitigating Role reduction became effective on November 1, 1987. U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 (Historical Note) (U.S. Sentencing Comm'n 2016). This is the date the guidelines themselves were formally adopted. *See* U.S.S.G. Ch.1, Pt.A, intro. comment.

F.3d 465, 471 (6th Cir. 2006) ("The petitioner bears the burden of proving that he exercised due diligence [under § 2255(f)(4)].").

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a Certificate of Appealability. Osborne has failed to show that that jurists of reason could conclude that this court's "dismissal on procedural grounds [is] debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.  The Magistrate Judge's Recommended Disposition [Record No. 226] is **ADOPTED** and **INCORPORATED** by reference.

2.  Defendant/Movant Michael Osborne's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 212] is **DISMISSED**, with prejudice.

This 8th day of March, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge